**B1 (Official Form 1) (12/11)**

| United States Bankruptcy Court<br>**NORTHERN DISTRICT OF ILLINOIS**<br>**EASTERN DIVISION (CHICAGO)** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Bernico, Alex R.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): **xxx-xx-1250** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**457 Sullivan Ln**<br>**Braidwood, IL**<br><br>ZIP CODE **60408** | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Will** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**457 Sullivan Ln**<br>**Braidwood, IL**<br><br>ZIP CODE **60408** | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br><br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed   (Check one box.) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☑ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13<br><br>☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check one box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."  ☐ Debts are primarily business debts. |

| Filing Fee   (Check one box.) | Chapter 11 Debtors<br>Check one box: |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (amount subject to adjustment on 4/01/13 and every three years thereafter).<br>----<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1) (12/11)                                                                                                    Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):  **Alex R. Bernico** |
|---|---|

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.)

| Location Where Filed:<br>**None** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor   (If more than one, attach additional sheet.)

| Name of Debtor:<br>**None** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>**X** /s/ John C. Kunes                                   4/9/2012<br> John C. Kunes                                          Date |
|---|---|

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

### Exhibit D

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____

(Name of landlord that obtained judgment)

_____

(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification.  (11 U.S.C. § 362(l)).

B1 (Official Form 1) (12/11) | | Page 3

| Voluntary Petition | Name of Debtor(s):  **Alex R. Bernico** |
|---|---|
| *(This page must be completed and filed in every case)* | |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7]  I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition]  I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  **/s/ Alex R. Bernico**
   **Alex R. Bernico**

X _____

_____
Telephone Number (If not represented by attorney)
**4/9/2012**
_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition.  A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

X  **/s/ John C. Kunes**
   **John C. Kunes**          Bar No. **6298491**

**The Law Office of John C. Kunes, P.C.**
**3843 North Broadway Street**
**Chicago, IL 60613**

Phone No. **(773) 701-4050**   Fax No. **(773) 701-4050**

**4/9/2012**
_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section.  Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)  (Required by 11 U.S.C. § 110.)

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

_____
Address

X _____

_____
Date

Signature of bankruptcy petiton preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*

B 1D (Official Form 1, Exhibit D) (12/09)

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION (CHICAGO)**

In re:   **Alex R. Bernico**                                              Case No. _____

                                                                                              (if known)

            Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me.   *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit couseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me.   *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.   *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09)   **UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re:   **Alex R. Bernico**                                           Case No. _____
                                                                               (if known)

                        Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

*Continuation Sheet No. 1*


☐   4. I am not required to receive a credit counseling briefing because of:   *[Check the applicable statement.]  [Must be accompanied by a motion for determination by the court.]*

   ☐   Incapacity.  (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilites.);

   ☐   Disability.  (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

   ☐   Active military duty in a military combat zone.

☐   5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.


**I certify under penalty of perjury that the information provided above is true and correct.**


Signature of Debtor:   **/s/ Alex R. Bernico**_____
                         Alex R. Bernico

Date:   **4/9/2012**_____

B6A (Official Form 6A) (12/07)

In re  **Alex R. Bernico**                                             Case No. _____
                                                                                    (if known)

## SCHEDULE A - REAL PROPERTY

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption | Amount Of Secured Claim |
|---|---|---|---|---|
| None | | | | |
| | | | Total: | $0.00 |

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re  **Alex R. Bernico**                                              Case No. _____
                                                                                                    (if known)

## SCHEDULE B - PERSONAL PROPERTY

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | No cash on hand | - | $0.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Bank of America Checking Account | - | $120.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video and computer equipment. | | Bedroom furniture:  Bedframe, mattress, dresser, 2 nightstands, linens, book case | - | $95.00 |
| | | Electronics:  Computer, printer, TV, DVD player, 20 DVDs | - | $660.00 |
| | | Cell phone - iphone 4s | - | $400.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | | 2 pictures, 20 used books | - | $25.00 |
| 6. Wearing apparel. | | Ordinary male wardrobe | - | $115.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | | Bicycle, hand weights, fitness machine | - | $245.00 |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Alex R. Bernico**                                               Case No. _____
                                                                                              (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 1*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Thrivant Lutheran whole life policy:  $1500 death benefit, less than $500 cash value | - | $500.00 |
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Give particulars. | | Merrill Lynch 401k | - | $1,217.00 |
| | | Fidelity IRA | - | $800.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Alex R. Bernico**                                                          Case No. _____

(if known)

# SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 2*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercis-able for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliqui-dated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Alex R. Bernico**                                     Case No. _____

                                                                    (if known)

# SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 3*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2004 Volkswagen GTI VR6 Hatchback 2D:  ~ 150,000 miles. | - | $4,150.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Alex R. Bernico**                                        Case No. _____

                                                                              (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 4*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed.  Itemize. | | Suitcase | - | $10.00 |

_____4_____ continuation sheets attached      **Total  >**      **$8,337.00**

(Include amounts from any continuation sheets attached.  Report total also on Summary of Schedules.)

B6C (Official Form 6C) (4/10)

In re  **Alex R. Bernico**                                        Case No. _____
                                                                      (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:         ☐  Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                             $146,450.*

☐  11 U.S.C. § 522(b)(2)

☑  11 U.S.C. § 522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| No cash on hand | 735 ILCS 5/12-1001(b) | $0.00 | $0.00 |
| Bank of America Checking Account | 735 ILCS 5/12-1001(b) | $120.00 | $120.00 |
| Bedroom furniture:  Bedframe, mattress, dresser, 2 nightstands, linens, book case | 735 ILCS 5/12-1001(b) | $95.00 | $95.00 |
| Electronics:  Computer, printer, TV, DVD player, 20 DVDs | 735 ILCS 5/12-1001(b) | $660.00 | $660.00 |
| Cell phone - iphone 4s | 735 ILCS 5/12-1001(b) | $400.00 | $400.00 |
| 2 pictures, 20 used books | 735 ILCS 5/12-1001(b) | $25.00 | $25.00 |
| Ordinary male wardrobe | 735 ILCS 5/12-1001(a), (e) | $115.00 | $115.00 |
| Bicycle, hand weights, fitness machine | 735 ILCS 5/12-1001(b) | $245.00 | $245.00 |
| Thrivant Lutheran whole life policy:  $1500 death benefit, less than $500 cash value | 735 ILCS 5/12-1001(b) | $500.00 | $500.00 |
| Merrill Lynch 401k | 735 ILCS 5/12-1006 | $1,217.00 | $1,217.00 |
| Fidelity IRA | 735 ILCS 5/12-1006 | $800.00 | $800.00 |
| 2004 Volkswagen GTI VR6 Hatchback 2D: ~ 150,000 miles. | 735 ILCS 5/12-1001(c) | $0.00 | $4,150.00 |
| Suitcase | 735 ILCS 5/12-1001(b) | $10.00 | $10.00 |
| *Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced  on or after the date of adjustment.* | | **$4,187.00** | **$8,337.00** |

B6D (Official Form 6D) (12/07)

In re  **Alex R. Bernico**                                       Case No. _____
                                                                                          (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCT #: **xxxxx7651**<br><br>**GM Financial**<br>**PO Box 181145**<br>**Arlington, TX 76096** | | - | DATE INCURRED:  **01/2008**<br>NATURE OF LIEN:<br>**Automobile**<br>COLLATERAL:<br>**car**<br>REMARKS:<br>**Current Account**<br><br><br>VALUE:                **$4,150.00** | | | | $7,529.00 | $3,379.00 |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | Subtotal (Total of this Page) > | | $7,529.00 | $3,379.00 |
| | | | | | Total (Use only on last page) > | | $7,529.00 | $3,379.00 |

_____**No**_____continuation sheets attached

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (04/10)

In re **Alex R. Bernico**                                    Case No. _____
                                                                          (If Known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS    (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

☐ **Administrative allowances under 11 U.S.C. Sec. 330**

Claims based on services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person as approved by the court and/or in accordance with 11 U.S.C. §§ 326, 328, 329 and 330.

*Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____**No**_____continuation sheets attached

B6F (Official Form 6F) (12/07)

In re   **Alex R. Bernico**                                                    Case No. _____
                                                                                        (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  xxxxxxxxxxxx9204 <br> **Asset Acceptance Capital Corp.** <br> **P.O. Box 2036** <br> **Warren, MI 48090-2036** | | - | DATE INCURRED: <br> CONSIDERATION: <br> **Collecting for - First USA Bank** <br> REMARKS: | | | | **$5,950.07** |
| **Representing:** <br> **Asset Acceptance Capital Corp.** | | | **First USA** <br> **Cardmember Services** <br> **P.O. Box 15298** <br> **Wilmington, DE 19850-5298** | | | | **Notice Only** |
| ACCT #:  x3988 <br> **B R E Properties Inc** <br> **525 Market St., 4th Floor** <br> **San Francisco, CA 94105** | | - | DATE INCURRED: <br> CONSIDERATION: <br> **Rent** <br> REMARKS: | | | | **$632.08** |
| **Representing:** <br> **B R E Properties Inc** | | | **Transworld Systems Inc** <br> **999 North Plaza Drive** <br> **Schaumburg, IL 60173** | | | | **Notice Only** |
| ACCT #:  xxxxxxxxxxxx5690 <br> **Bank Of America** <br> **Po Box 982238** <br> **El Paso, TX 79998** | | - | DATE INCURRED:  **04/2008** <br> CONSIDERATION: <br> **Credit Card** <br> REMARKS: <br> **Current Account** <br> **Account Closed By Grantor** | | | | **$1,138.00** |
| ACCT #:  xxxxxxxxxxxx9501 <br> **Capital One, N.a.** <br> **Capital One Bank (USA) N.A.** <br> **PO Box 30285** <br> **Salt Lake City, UT 84130** | | - | DATE INCURRED:  **05/2007** <br> CONSIDERATION: <br> **Credit Card** <br> REMARKS: <br> **Collection** <br> **Account Closed By Grantor** | | | | **$1,074.00** |
| | | | | | Subtotal > | | **$8,794.15** |
| | | | | | Total > | | |

_____7_____continuation sheets attached

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **Alex R. Bernico**                                        Case No. _____
                                                                              (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **Representing:**<br>**Capital One, N.a.** | | | **Northland Group Inc.**<br>**7831 Glenroy Road, Suite 250**<br>**Edina, MN 55439** | | | | **Notice Only** |
| ACCT #:  **xxxxxxxx8898**<br>**Cda/pontiac**<br>**Attn: Bankruptcy**<br>**PO Box 213**<br>**Streator, IL 61364** | | - | DATE INCURRED:  **01/2011**<br>CONSIDERATION:<br>**Collection Attorney**<br>REMARKS:<br>**Collection** | | | | **$526.00** |
| ACCT #:  **xxxxxxxxxxxxxxxxxx0718**<br>**Chela/Sallie Mae**<br>**Attn: Claims Department**<br>**PO Box 9500**<br>**Wilkes-Barre, PA 18773** | X | - | DATE INCURRED:  **07/2005**<br>CONSIDERATION:<br>**Educational**<br>REMARKS:<br>**Current Account** | | | | **$53,953.00** |
| ACCT #:  **xxxxxxxxxxxxxxxxxx0810**<br>**Chela/Sallie Mae**<br>**Attn: Claims Department**<br>**PO Box 9500**<br>**Wilkes-Barre, PA 18773** | X | - | DATE INCURRED:  **08/2006**<br>CONSIDERATION:<br>**Educational**<br>REMARKS:<br>**Current Account** | | | | **$4,591.00** |
| ACCT #:  **xxxxxxxxxxxxxxxxxx0524**<br>**Chela/Sallie Mae**<br>**Attn: Claims Department**<br>**PO Box 9500**<br>**Wilkes-Barre, PA 18773** | X | - | DATE INCURRED:  **05/2006**<br>CONSIDERATION:<br>**Educational**<br>REMARKS:<br>**Current Account** | | | | **$3,158.00** |
| ACCT #:  **xxxxxxxxxxxx3283**<br>**Comcast Cable**<br>**11400 Northeast Ave**<br>**Philadelphia 19116** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Cable sevice**<br>REMARKS: | | | X | **$83.02** |

Sheet no. ____**1**____ of ____**7**____ continuation sheets attached to                                **Subtotal >** | **$62,311.02**
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                                              **Total >**
                              **(Use only on last page of the completed Schedule F.)**
                       **(Report also on Summary of Schedules and, if applicable, on the**
                          **Statistical Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Alex R. Bernico**                                     Case No. _____
                                                                              (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **Representing:**<br>**Comcast Cable** | | | **Stellar Recovery**<br>**1327 Highway 2 W**<br>**Suite 100**<br>**Kalispell MT 59901-3413** | | | | **Notice Only** |
| ACCT #:  **xxxx-xxxx-xxxx-2450**<br>**Credit One Bank**<br>**P.O. Box 98873**<br>**Las Vegas, NV 89193-8873** | | - | DATE INCURRED:<br>CONSIDERATION:  **Credit Card**<br>REMARKS: | | | | **$74.75** |
| ACCT #:<br>**Credit Union 1**<br>**200 East Champaign Avenue**<br>**Rantoul, IL 61866** | | - | DATE INCURRED:  **08/2003**<br>CONSIDERATION:  **Judgment**<br>REMARKS:<br>**18th Judicial Circuit Court, Du Page County,**<br>**Illinois**<br>**03 AR 0158** | | | | **$33,109.15** |
| **Representing:**<br>**Credit Union 1** | | | **Paul B. Fichter**<br>**Credit Union One**<br>**450 E. 22nd St., Ste. 250**<br>**Lombard, Illinois 60148** | | | | **Notice Only** |
| ACCT #:  **xx8898**<br>**Epic/Morris Hospital Emergency Phys**<br>**150 West High Street**<br>**Morris, IL  60450** | | - | DATE INCURRED:<br>CONSIDERATION:  **Medical services**<br>REMARKS: | | | | **$526.00** |
| **Representing:**<br>**Epic/Morris Hospital Emergency Phys** | | | **CDA - Creditors' Discount & Audit Compan**<br>**415 E. Main Street - P.O. Box 213**<br>**Streator, Illinois 61364** | | | | **Notice Only** |

Sheet no. ____**2**____ of ____**7**____ continuation sheets attached to                                  Subtotal >   | **$33,709.90** |
Schedule of Creditors Holding Unsecured Nonpriority Claims

Total >
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **Alex R. Bernico**                                    Case No. _____

                                                                    (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  **xxx4955**<br>**Fair Collections & Out**<br>**12304 Baltimore Ave Unite E**<br>**Beltsville, MD 20705** | | - | DATE INCURRED:  **08/2009**<br>CONSIDERATION:<br>**Collection Attorney**<br>REMARKS:<br>**Settled**<br>**Account Closed**<br>**ACCOUNT IN DISPUTE** | | | | **$0.00** |
| ACCT #:<br>**Harvard Vanguard Medical Associates**<br>**275 Grove Street Suite 3-300**<br>**Newton MA 02466** | | - | DATE INCURRED:  **2004**<br>CONSIDERATION:<br>**Medical services**<br>REMARKS: | | | | **$134.23** |
| ACCT #:  **xxxxxxxxxxxx1798**<br>**Hsbc Bank**<br>**ATTN: BANKRUPTCY**<br>**PO Box 5213**<br>**Carol Stream, IL 60197** | | - | DATE INCURRED:  **02/18/2006**<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS:<br>**Collection**<br>**Account Closed**<br>**DISPUTE RESOLVED-CONSUMER DISAGREES** | | | | **$0.00** |
| **Representing:**<br>**Hsbc Bank** | | | **Enhanced Recovery Corporation**<br>**8014 Bayberry Rd.**<br>**Jacksonville, FL 32256** | | | | **Notice Only** |
| **Representing:**<br>**Hsbc Bank** | | | **Northland Group Inc.**<br>**7831 Glenroy Road, Suite 250**<br>**Edina, MN 55439** | | | | **Notice Only** |
| ACCT #:  **xxxxxxxxxxxx7796**<br>**Hsbc Bank**<br>**ATTN: BANKRUPTCY**<br>**PO Box 5213**<br>**Carol Stream, IL 60197** | | - | DATE INCURRED:  **02/18/2006**<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS:<br>**Card Lost**<br>**Account Closed** | | | | **$0.00** |

Sheet no. ____**3**____ of ____**7**____ continuation sheets attached to                                    Subtotal >   **$134.23**
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                                    Total >
                                         (Use only on last page of the completed Schedule F.)
                              (Report also on Summary of Schedules and, if applicable, on the
                              Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **Alex R. Bernico**                                               Case No. _____

(if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  xxxxxxx6713<br>**ISTA**<br>**Utilities Division**<br>**3655 North Point Parkway, Suite 450**<br>**Alpharetta, GA 30005** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Utility service**<br>REMARKS: | | | | $200.78 |
| ACCT #:  xxxxxxxxxxx3809<br>**Jacob Collection Group, LLC**<br>**2623 West Oxford Loop**<br>**Oxford MS 38655** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - HSBC N.A.**<br>REMARKS: | | | x | $2,077.45 |
| **Representing:**<br>**Jacob Collection Group, LLC** | | | Hscb/nautl<br>**Attention: Bankruptcy**<br>**PO Box 15213**<br>**Carol Stream, IL 60197** | | | | **Notice Only** |
| ACCT #:  xxx-xxx944-5<br>**JPMorgan Chase**<br>**Bankruptcy Dept**<br>**P O Box 36520**<br>**Louisville, KY 40233-6520** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Overdraft**<br>REMARKS:<br>**Washington Mutual account** | | | | $397.34 |
| ACCT #:  xxxxxxx7910<br>**Morris Hospital & Healthcare Centers**<br>**150 West High Street**<br>**Morris, IL  60450** | | - | DATE INCURRED:  **06/20/2010**<br>CONSIDERATION:<br>**Medical services**<br>REMARKS: | | | | $940.44 |
| **Representing:**<br>**Morris Hospital & Healthcare Centers** | | | MiraMed Revenue Group, LLC<br>**PO Box 536**<br>**Linden MI 48451-0536** | | | | **Notice Only** |

Sheet no. ____4____ of ___7___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal >  **$3,616.01**

Total >
**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable, on the**
**Statistical Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07) - Cont.

In re  **Alex R. Bernico**                                    Case No.  _____

                                                                                   (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  **xxxxx-x2046**<br>**National Grid**<br>**PO Box 1005**<br>**Woburn MA 01807-1005** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Utility service**<br>REMARKS: | | | | $19.06 |
| ACCT #:  **xxxxxxxxxxxx1766**<br>**North Shore Agency, Inc**<br>**270 Spagnoli Road**<br>**Melville NY 11747** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for Bottomline Books**<br>REMARKS: | | | | $36.92 |
| ACCT #:  **xxx1260**<br>**Pinnacle Financial Gro**<br>**7825 Washington Ave S St**<br>**Minneapolis, MN 55439** | | - | DATE INCURRED:  **12/2011**<br>CONSIDERATION:<br>**Collection Attorney**<br>REMARKS:<br>**Collection** | | | | $452.00 |
| ACCT #:  **xxxx9183**<br>**Professnl Acct Mgmt In**<br>**PAM PO Box 391**<br>**Milwaukee, WI 53201** | | - | DATE INCURRED:  **08/2010**<br>CONSIDERATION:<br>**Collection Attorney**<br>REMARKS:<br>**Collection** | | | | $73.00 |
| ACCT #:  **xxxxxx7887**<br>**Puget Sound Energy**<br>**P.O. Box 97034**<br>**Bellevue, WA 98009-9734** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Utility service**<br>REMARKS: | | | | $93.95 |
| ACCT #:<br>**Sears-Citibank**<br>**Private Label**<br>**PO Box 6275**<br>**Sioux Falls,**<br>**SD 57117-6275** | | | DATE INCURRED:<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | $2,160.84 |

Sheet no. ___5___ of ___7___ continuation sheets attached to                    Subtotal >    $2,835.77
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                                                         Total >
                                                  (Use only on last page of the completed Schedule F.)
                                              (Report also on Summary of Schedules and, if applicable, on the
                                              Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re  **Alex R. Bernico**                                                Case No. _____

                                                                                        (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **Representing:** **Sears-Citibank** | | | **Alliance One** **Receivables Management Inc** **1160 Centre Point Dr Ste #1** **Mendota Heights MN 55120** | | | | **Notice Only** |
| ACCT #:  **xxx8359** **Security Credit Servic** **PO Box 1156** **Oxford, MS 38655** | | - | DATE INCURRED:  **05/2008** CONSIDERATION: **Collection Attorney** REMARKS: **Collection** **Account Closed** | | | | **$2,373.00** |
| ACCT #:  **xxxxx0660** **Sprint** **KSOPHT0101-Z4300** **6391 Sprint Parkway** **Overland Park KS 66251-4300** | | - | DATE INCURRED: CONSIDERATION: **Wireless service** REMARKS: | | | | **$57.69** |
| ACCT #:  **xxxxx1561** **T-Mobile** **T-Mobile Bankruptcy Team** **PO Box 53410** **Bellevue, WA 98015-3410** | | - | DATE INCURRED: CONSIDERATION: **Mobile telephone service** REMARKS: | | | | **$451.64** |
| **Representing:** **T-Mobile** | | | **PFG of Minnesota** **7825 Washington Ave S Ste 310** **Minneapolis MN 55439-2409** | | | | **Notice Only** |
| **Representing:** **T-Mobile** | | | **Sunrise Credit Services, Inc.** **260 Airport Plaza** **Farmingdale, NY 11735** | | | | **Notice Only** |

Sheet no. ____**6**____ of ____**7**____ continuation sheets attached to       Subtotal >     **$2,882.33**
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                                    Total >
                                         (Use only on last page of the completed Schedule F.)
                                         (Report also on Summary of Schedules and, if applicable, on the
                                         Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re  **Alex R. Bernico**                                                    Case No. _____
                                                                                                    (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:<br>**TCF National Bank<br>800 Burr Ridge Parkway<br>Burr Ridge, IL 60527** | | - | DATE INCURRED:<br>CONSIDERATION:<br>**Overdraft**<br>REMARKS: | | | | $73.50 |
| ACCT #:  **xxxxxx1461**<br>**University Of Phoenix<br>4615 E Elwood St Fl 3<br>Phoenix, AZ 85040** | | - | DATE INCURRED:  **10/2008**<br>CONSIDERATION:<br>**Unsecured**<br>REMARKS:<br>**Charge Off for $179 on 09/09<br>Account Closed** | | | x | $179.00 |
| **Representing:<br>University Of Phoenix** | | | **Reliant Capital Solutions LLC<br>750 Cross Pointe Rd Suite G<br>Gahanna OH 43230-6692** | | | | **Notice Only** |
| ACCT #:  **xxxxxxxx4914**<br>**Unvl/citi<br>Attn.: Centralized  Bankruptcy<br>PO Box 20507<br>Kansas City, MO 64195** | | - | DATE INCURRED:  **10/2003**<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS:<br>**Current Account** | | | | $7,396.00 |
| ACCT #:  **xxxxxxxxxx0661**<br>**US Dept of Education<br>Attn: Borrowers Service Dept<br>PO Box 5609<br>Greenville, TX 75403** | | - | DATE INCURRED:  **04/11/2011**<br>CONSIDERATION:<br>**Educational**<br>REMARKS: | | | | $34,781.00 |
| ACCT #:  **xxxxxxxxxx0561**<br>**US Dept of Education<br>Attn: Borrowers Service Dept<br>PO Box 5609<br>Greenville, TX 75403** | | - | DATE INCURRED:  **04/11/2011**<br>CONSIDERATION:<br>**Educational**<br>REMARKS: | | | | $20,916.00 |

Sheet no. ____7____ of ____7____ continuation sheets attached to                                    **Subtotal >**     **$63,345.50**
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                                                                    **Total >**     **$177,628.91**
                                                                 **(Use only on last page of the completed Schedule F.)**
                                                                 **(Report also on Summary of Schedules and, if applicable, on the**
                                                                 **Statistical Summary of Certain Liabilities and Related Data.)**

B6G (Official Form 6G) (12/07)

In re  **Alex R. Bernico**                                                Case No. _____

                                                                                        (if known)


# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.
State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to
one of the leases of contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a
minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).


☐  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **AT&T Wireless**<br>7277 164th Ave. NE<br>Redmond, WA 98052 | Wireless<br>Contract to be ASSUMED |

B6H (Official Form 6H) (12/07)

In re  **Alex R. Bernico**                                    Case No. _____

                                                                          (if known)


# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Sharon Bernico**<br>457 Sullivan Lane<br>Braidwood IL 60408 | **Chela/Sallie Mae**<br>Attn: Claims Department<br>PO Box 9500<br>Wilkes-Barre, PA 18773 |
| **Sharon Bernico**<br>457 Sullivan Lane<br>Braidwood IL 60408 | **Chela/Sallie Mae**<br>Attn: Claims Department<br>PO Box 9500<br>Wilkes-Barre, PA 18773 |
| **Sharon Bernico**<br>457 Sullivan Lane<br>Braidwood IL 60408 | **Chela/Sallie Mae**<br>Attn: Claims Department<br>PO Box 9500<br>Wilkes-Barre, PA 18773 |

B6I (Official Form 6I) (12/07)

In re  **Alex R. Bernico**                                           Case No. _____
                                                                              (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  Do not state the name of any minor child.  The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | Dependents of Debtor and Spouse | | | |
|---|---|---|---|---|
| **Single** | Relationship(s): | Age(s): | Relationship(s): | Age(s): |

| **Employment:** | Debtor | Spouse |
|---|---|---|
| Occupation | Flight Operations | |
| Name of Employer | Lufthansa German Airlines | |
| How Long Employed | 5 months | |
| Address of Employer | 1640 Hempstead Tpke | |
| | East Meadow NY 11554 | |

| INCOME:  (Estimate of average or projected monthly income at time case filed) | **DEBTOR** | **SPOUSE** |
|---|---|---|
| 1.  Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $3,110.00 | |
| 2.  Estimate monthly overtime | $0.00 | |
| 3.  SUBTOTAL | **$3,110.00** | |
| 4.  LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes (includes social security tax if b. is zero) | $460.00 | |
|    b. Social Security Tax | $126.00 | |
|    c. Medicare | $44.00 | |
|    d. Insurance | $280.00 | |
|    e. Union dues | $0.00 | |
|    f. Retirement  Voluntary | $0.00 | |
|    g. Other (Specify) _____ | $0.00 | |
|    h. Other (Specify) _____ | $0.00 | |
|    i. Other (Specify) _____ | $0.00 | |
|    j. Other (Specify) _____ | $0.00 | |
|    k. Other (Specify) _____ | $0.00 | |
| 5.  SUBTOTAL OF PAYROLL DEDUCTIONS | **$910.00** | |
| 6.  TOTAL NET MONTHLY TAKE HOME PAY | **$2,200.00** | |
| 7.  Regular income from operation of business or profession or farm (Attach detailed stmt) | $0.00 | |
| 8.  Income from real property | $0.00 | |
| 9.  Interest and dividends | $0.00 | |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $0.00 | |
| 11. Social security or government assistance (Specify): _____ | $0.00 | |
| 12. Pension or retirement income | $0.00 | |
| 13. Other monthly income (Specify): | | |
|    a._____ | $0.00 | |
|    b._____ | $0.00 | |
|    c._____ | $0.00 | |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | **$0.00** | |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | **$2,200.00** | |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | **$2,200.00** | |

(Report also on Summary of Schedules and, if applicable,
on Statistical Summary of Certain Liabilities and Related Data)

17.  Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None.**

B6J (Official Form 6J) (12/07)

IN RE:  **Alex R. Bernico**                                        Case No. _____
                                                                                              (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home)<br>   a. Are real estate taxes included?  ☑ Yes   ☐ No<br>   b. Is property insurance included?  ☑ Yes   ☐ No | $0.00 |
| 2. Utilities:  a. Electricity and heating fuel<br>              b. Water and sewer<br>              c. Telephone<br>              d. Other: | $0.00<br>$0.00<br>$105.00<br>$0.00 |
| 3. Home maintenance (repairs and upkeep)<br>4. Food<br>5. Clothing<br>6. Laundry and dry cleaning<br>7. Medical and dental expenses<br>8. Transportation (not including car payments)<br>9. Recreation, clubs and entertainment, newspapers, magazines, etc.<br>10. Charitable contributions | $0.00<br>$300.00<br>$30.00<br>$0.00<br>$0.00<br>$752.50<br>$0.00<br>$0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments)<br>              a. Homeowner's or renter's<br>              b. Life<br>              c. Health<br>              d. Auto<br>              e. Other: | <br><br><br><br>$100.00<br> |
| 12. Taxes (not deducted from wages or included in home mortgage payments)<br>Specify: | |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan)<br>              a. Auto:<br>              b. Other:  non-dischargeable student loans<br>              c. Other:<br>              d. Other: | <br>$390.00<br>$768.00<br> |
| 14. Alimony, maintenance, and support paid to others:<br>15. Payments for support of add'l dependents not living at your home:<br>16. Regular expenses from operation of business, profession, or farm (attach detailed statement)<br>17.a. Other:  Personal grooming (haircuts, personal care products, etc.)<br>17.b. Other: | <br><br><br>$20.00<br> |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17.  Report also on Summary of Schedules and,<br>    if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | **$2,465.50** |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:  **None.**

20. STATEMENT OF MONTHLY NET INCOME
a. Average monthly income from Line 15 of Schedule I               $2,200.00
b. Average monthly expenses from Line 18 above                      $2,465.50
c. Monthly net income (a. minus b.)                                       ($265.50)

B6 Summary (Official Form 6 - Summary) (12/07)

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION (CHICAGO)**

In re  **Alex R. Bernico**                                    Case No.

                                                    Chapter    **7**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from
Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the
debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.
Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under
chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $0.00 | | |
| B - Personal Property | Yes | 5 | $8,337.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $7,529.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 8 | | $177,628.91 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $2,200.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $2,465.50 |
| TOTAL | | 21 | $8,337.00 | $185,157.91 | |

Form 6 - Statistical Summary (12/07)

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION (CHICAGO)

In re  **Alex R. Bernico**                                    Case No.

                                                              Chapter      **7**

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐  Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $0.00 |
| Student Loan Obligations (from Schedule F) | $118,339.44 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $0.00 |
| **TOTAL** | **$118,339.44** |

State the following:

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | **$2,200.00** |
| Average Expenses (from Schedule J, Line 18) | **$2,465.50** |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | **$3,057.16** |

State the following:

| | | |
|---|---|---|
| 1.  Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | **$3,379.00** |
| 2.  Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | **$0.00** | |
| 3.  Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | **$0.00** |
| 4.  Total from Schedule F | | **$177,628.91** |
| 5.  Total of non-priority unsecured debt (sum of 1, 3, and 4) | | **$181,007.91** |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re  **Alex R. Bernico**                                                    Case No. _____
                                                                                                      (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ **23** _____
sheets, and that they are true and correct to the best of my knowledge, information, and belief.


Date **4/9/2012** _____        Signature   **/s/ Alex R. Bernico** _____
                                                                                                **Alex R. Bernico**


Date _____        Signature _____

                                                                              [If joint case, both spouses must sign.]

_____

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or
both.  18 U.S.C. §§ 152 and 3571.*

B7 (Official Form 7) (04/10)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re:  **Alex R. Bernico**                                            Case No.  _____

                                                                              (if known)

# STATEMENT OF FINANCIAL AFFAIRS

---

None
☐

## 1. Income from employment or operation of business

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $9,310.02 | employment |
| | 2011 - $40,877 |
| | 2010 - $25,810 |

---

None
☐

## 2. Income other than from employment or operation of business

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $0.00 | |

---

## 3. Payments to creditors

***Complete a. or b., as appropriate, and c.***

None
☐

a.  Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| GM Financial<br>PO Box 181145<br>Arlington, TX 76096 | February, March, and April 2012 | $1,170.00 | $7,259.00 |
| Chela/Sallie Mae<br>Attn: Claims Department<br>PO Box 9500<br>Wilkes-Barre, PA 18773 | February, March, and April 2012 | $1,599.00 | $61,702.00 |
| (Student Loans) | | | |

---

None
☑

b.  Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B7 (Official Form 7) (04/10) - Cont.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re:   **Alex R. Bernico**                                    Case No. _____
                                                                                    (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 1*

None ☐

c.  All debtors:  List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| None | | | |

None ☐

**4. Suits and administrative proceedings, executions, garnishments and attachments**

a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Credit Union One v. Alexandre [sic] Bernico 03 AR 0158 | revived judgment for breach of contract | 18th Judicial Circuit, State of Illinois, County of Du Page | Pending Citation to Discover Assetts |

None ☑

b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑

**5. Repossessions, foreclosures and returns**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑

**6. Assignments and receiverships**

a.  Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑

**7. Gifts**

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑

**8. Losses**

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

B7 (Official Form 7) (04/10) - Cont.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re:  **Alex R. Bernico**                                    Case No.  _____

                                                                                      (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 2*

---

**9. Payments related to debt counseling or bankruptcy**

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **The Law Office of John C. Kunes, P.C.**<br>**3843 North Broadway Street**<br>**Chicago, IL 60613** | 04/04/2012 - $500<br>04/09/2012 - $500<br><br>04/09/2012 - $306 (for filing fee) | $1000.00 |
| **Consumer Financial Education Foundation of America, Inc.**<br>**2 North 20th St. Suite 1030**<br>**Birmingham, AL 35203** | April 8, 2012 | $35 |

---

**10. Other transfers**

None 

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☑

b.  List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

---

**11. Closed financial accounts**

None ☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**12. Safe deposit boxes**

None ☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**13. Setoffs**

None ☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**14. Property held for another person**

None 

List all property owned by another person that the debtor holds or controls.

B7 (Official Form 7) (04/10) - Cont.

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION (CHICAGO)**

In re:   **Alex R. Bernico**                                              Case No. _____

                                                                                             (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 3*

---

None ☑

## 15. Prior address of debtor

If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

---

None ☑

## 16. Spouses and Former Spouses

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

---

## 17. Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

---

None ☑

a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

---

None ☑

b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

---

None ☑

c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

---

None ☑

## 18. Nature, location and name of business

a.  If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

B7 (Official Form 7) (04/10) - Cont.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re:  **Alex R. Bernico**                                   Case No.  _____

                                                                               (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 4*

---

None
☑   b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)

---

## 19. Books, records and financial statements
None
☑   a.  List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

---

None
☑   b.  List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

---

None
☑   c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

---

None
☑   d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

---

## 20. Inventories
None
☑   a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

---

None
☑   b.  List the name and address of the person having possession of the records of each of the inventories reported in a., above.

---

## 21. Current Partners, Officers, Directors and Shareholders
None
☑   a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

---

None
☑   b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

---

## 22. Former partners, officers, directors and shareholders
None
☑   a.  If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

B7 (Official Form 7) (04/10) - Cont.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re:   **Alex R. Bernico**                                     Case No. _____

                                                                          (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 5*

---

None
☑   b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

---

**23. Withdrawals from a partnership or distributions by a corporation**

None
☑   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

---

**24. Tax Consolidation Group**

None
☑   If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

---

**25. Pension Funds**

None
☑   If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

---

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  4/9/2012 _____        Signature _____ **/s/ Alex R. Bernico** _____
                                                of Debtor    *Alex R. Bernico*

Date _____        Signature _____
                                                of Joint Debtor
                                                (if any)

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.*
*18 U.S.C. §§ 152 and 3571*

B 8 (Official Form 8) (12/08)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

IN RE:  **Alex R. Bernico**                                          CASE NO

                                                                     CHAPTER  **7**

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

PART A -- Debts secured by property of the estate.  (Part A must be fully completed for EACH debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No.  1 | |
|---|---|
| **Creditor's Name:**<br>GM Financial<br>PO Box 181145<br>Arlington, TX 76096<br>xxxxx7651 | **Describe Property Securing Debt:**<br>car |

Property will be (check one):
☐ Surrendered          ☑ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☑ Reaffirm the debt
☑ Other.  Explain (for example, avoid lien using 11 U.S.C. § 522(f)):
    Debt will be reaffirmed for fair market value.

Property is (check one):
☐ Claimed as exempt          ☐ Not claimed as exempt

PART B -- Personal property subject to unexpired leases.  (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No.   1 | | |
|---|---|---|
| **Lessor's Name:**<br>AT&T Wireless<br>7277 164th Ave. NE<br>Redmond, WA 98052 | **Describe Leased Property:**<br>Wireless | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br><br>YES ☑          NO ☐ |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date _**4/9/2012**_____          Signature  _**/s/ Alex R. Bernico**_____
                                                          **Alex R. Bernico**

Date _____          Signature _____

B 201B (Form 201B)  (12/09)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re  **Alex R. Bernico**                                                        Case No. _____

                                                                                Chapter  _____ **7** _____

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| Alex R. Bernico | X  /s/ Alex R. Bernico | 4/9/2012 |
|---|---|---|
| | Signature of Debtor | Date |
| Printed Name(s) of Debtor(s) | X | |
| Case No. (if known) _____ | Signature of Joint Debtor (if any) | Date |

### Certificate of Compliance with § 342(b) of the Bankruptcy Code

I, _____ **John C. Kunes** _____, counsel for Debtor(s), hereby certify that I delivered to the Debtor(s) the Notice required by § 342(b) of the Bankruptcy Code.

**/s/ John C. Kunes**
John C. Kunes, Attorney for Debtor(s)
Bar No.: 6298491
The Law Office of John C. Kunes, P.C.
3843 North Broadway Street
Chicago, IL 60613
Phone: (773) 701-4050
Fax: (773) 701-4050
E-Mail: jkunes@jcklaw.com

---

**Instructions:**  Attach a copy of Form B 201A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) ONLY if the certification has NOT been made on the Voluntary Petition, Official Form B1.  Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor.  The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

## UNITED STATES BANKRUPTCY COURT

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described.  Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition.  Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a JOINT CASE (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1.  Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.**  The briefing must be given within 180 days BEFORE the bankruptcy filing.  The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.**  The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2.  The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7:    Liquidation  ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total fee $306)**
Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.  Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7.  If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code.  It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law.  A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts.  If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law.  Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.  Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

Form B 201A, Notice to Consumer Debtor(s)                                                                 Page 2

### Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($228 filing fee, $46 administrative fee: Total fee $274)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time.  You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings.  The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors.  The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11:  Reorganization  ($993 filing fee, $46 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors.  Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12:  Family Farmer or Fisherman    ($193 filing fee, $46 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3.   Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both.  All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:**   Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition.  Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

IN RE:   **Alex R. Bernico**                                              CASE NO

                                                                          CHAPTER   **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept: | **$1,600.00** |
| Prior to the filing of this statement I have received: | **$1,000.00** |
| Balance Due: | **$600.00** |

2. The source of the compensation paid to me was:
   ☑ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:
   ☑ Debtor          ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

### CERTIFICATION
I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **4/9/2012** | **/s/ John C. Kunes** |
| *Date* | *John C. Kunes*                    Bar No.  6298491 |
| | The Law Office of John C. Kunes, P.C. |
| | 3843 North Broadway Street |
| | Chicago, IL 60613 |
| | Phone: (773) 701-4050 / Fax: (773) 701-4050 |

---

**/s/ Alex R. Bernico**
*Alex R. Bernico*

The Law Office of John C. Kunes, P.C.
3843 North Broadway Street
Chicago, Illinois 60613
(773) 701-4050

### RETAINER AGREEMENT

| | | | |
|---|---|---|---|
| Today's Date: | March 28, 2012 | | |
| Client Name | Alex R. Bernico | SSN | XXX-XX-1250 |
| Client Name | | SSN | |

I agree to hire **The Law Office of John C. Kunes, P.C.** ("Law Firm") to represent me for a Chapter 7 bankruptcy proceeding.

This Retainer Agreement covers Law Firm's services on this case to and through the filing of my Chapter 7 bankruptcy case. Although Law Firm will use best efforts to obtain a favorable result, I understand that no guarantees are being made as to any specific outcome in my Chapter 7 bankruptcy.

**CHAPTER 7 BANKRUPTCY LEGAL FEES:** I agree to pay a Legal Fee of $ 1,600.00  for services that will be provided to me before the filing of my Chapter 7 bankruptcy case ("Legal Fee"). I understand that an initial court filing fee of $306, as well as fees in connection with my pre-filing credit counseling or pre-discharge financial management certification are not included in the Legal Fee.

This Agreement, as well as the Legal Fee stated, presumes that my financial situation does not change at all during the period of time between today and when my bankruptcy case is filed. I know that if anything about my financial situation (including property ownership interests, income or expenses) changes then Legal Fee may change or I may no longer qualify for Chapter 7 bankruptcy.

**SERVICES TO BE PROVIDED IN CONNECTION WITH LEGAL FEE:** Legal Fee includes the following services:

1. obtaining and reviewing my credit report obtained by me through Law Firm;
2. calculation and review of my current monthly income and, if I am married and living with my spouse, calculation of my spouse's current monthly income;
3. in the event that my current monthly income is above the median income for a household of my size in Illinois, complete means testing analysis;
4. calculation of my monthly Disposable Income; and
5. drafting of my Chapter 7 Petition, Schedules, Statement of Financial Affairs, and Statement of Intention;
6. copying and providing to my bankruptcy trustee copies of: (a) pay stubs for the past 60 days for me and, if I am married, for my spouse; (b) tax returns or transcripts for the past 2 years; (c) valuation of any automobiles owned in my name; (d) payoff statements for any automobile loans currently open in my name; and (e) any other documents required by the trustee in connection with my case
7. representation at an initial meeting of creditors or appearance at a request for an adjournment of the meeting of creditors;
8. filing of certification of completion of post-filing financial management course;
9. providing me with one (1) copy of Chapter 7 Petition, Schedules, Statement of Financial Affairs, Notice of Commencement of Chapter 7 Case, and Discharge of Debtor at the conclusion of my case.

**PAYMENT OF LEGAL FEE:** I understand that I will pay Legal Fee on the following schedule:

| | | |
|---|---|---|
| $500.00 | due on or before | Paid 04/04/2012 |
| $306 (Filing fee) | due on or before | Paid 04/09/2012 |
| $500.00 | due on or before | Paid 04/09/2012 |
| $300.00 | due on or before | April 30, 2012 |
| $300.00 | due on or before | May 15, 2012 |
| | due on or before | |
| | due on or before | |
| | due on or before | |
| | due on or before | |
| | due on or before | |

If for any reason I do not provide all needed documents and sign my bankruptcy Petition, Schedules and Statement of Financial Affairs within thirty (30) calendar days of the date on which the final payment is due under this Agreement then an additional charge of $200 will be due.

**METHOD OF PAYMENT ACCEPTED:** Legal Fees are payable by cash, money order or personal check drawn on a local Chicago bank only.  Payment must be made to The Law Office of John C. Kunes, P.C.

**In the event that any personal check is returned as uncollectible for any reason, no further legal fees will be accepted by personal check.  In addition, a returned check fee of $35 will be assessed. A late fee of $10 will be applied to each and every payment received after the date on which it is due.**

**NO REFUND:** I understand that Legal Fees are considered earned as of the date of payment, and are non-refundable.  I will not receive a refund of Legal Fees paid for any reason.  In the event that my case is not filed with the bankruptcy court for any reason, the money that I have already paid to The Law Office of John C. Kunes, P.C. will not be returned to me under any circumstances.  Though the Law Firm has agreed to charge a flat rate for my case, I understand that the normal billing rate of John C. Kunes is $250 per hour.

**WHEN BANKRUPTCY CASE WILL BE FILED:** My bankruptcy case will not be filed with the court unless and until I have paid Legal Fee in full and signed my bankruptcy Petition, schedules and Statement of Financial Affairs.  My creditors may continue to take legal action against me until my bankruptcy papers are filed with the court.

**ADDITIONAL SERVICES:**  I understand that additional services may be required and, therefore, additional legal fees may be charged by Law Firm. Those fees include, but are not limited to, the following:

1. amendment of schedules to add new creditors
2. amendment of schedules to change income or expenses, or to add property

3. attendance at second or adjourned meeting of creditors
4. responding to an inquiry made by the U.S. Trustee's Office in connection with a determination on whether to make a motion to dismiss my bankruptcy case or deny my discharge
5. defending a motion made to dismiss or convert my bankruptcy case
6. re-open my file after it has been closed for non-payment
7. reaffirmation hearing or negotiation of any reaffirmation agreement with any creditor(s)

However, The Law Firm will not provide any legal services without your consent.

**AUTHORIZATION TO OBTAIN PERSONAL INFORMATION:** I hereby authorize Law Firm to obtain information about my assets, prior addresses, lien, judgments, prior bankruptcy filings, motor vehicle registrations, voter registration, and other public and non-public information that will be used to verify and ensure the completeness of the information I provide to Law Firm. The information received by Law Firm may not be comprehensive or complete. It is being obtained for background information and to aid Law Firm for verification purposes only. As such, I understand that it remains my responsibility to disclose my ownership and prior ownership of assets, property, real estate, personal items, bank accounts, stocks, bonds, pension and retirement accounts, financial accounts of any nature and other items regardless of value.

**MY DUTY TO PROVIDE TRUTHFUL AND ACCURATE INFORMATION:** A knowingly false statement in my bankruptcy petition or any schedule or statement filed therewith is a federal crime. Law Firm will prepare my petition and supporting schedules and statements based upon information supplied by me, and I understand that Law Firm will rely upon said statements as being true, accurate, complete and correct. I will review all documents filed as part of my bankruptcy case, and that my signature on those documents will signify that I have read and understood them, and agree with the contents thereof.

**MY DUTY TO COOPERATE WITH LAW FIRM:** I agree to provide all documentation required by Law Firm to effectively represent me, and to cooperate to the best of my ability. If I do not cooperate with Law Firm, I am aware that The Law Office of John C. Kunes, P.C. retains the right to immediately withdraw from representation and to do no further work on my file.

THE ABOVE IS UNDERSTOOD AND AGREED TO.

_____        March 28, 2012
                CLIENT                                              DATE

_____        March 28, 2012
                CLIENT                                              DATE

The Law Office of John C. Kunes, P.C.

By: _____        March 28, 2012
        JOHN C. KUNES, ESQ.                              DATE

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

IN RE:  **Alex R. Bernico**                                                    CASE NO

                                                                              CHAPTER    **7**

## SCHEDULE C-1 (SUPPLEMENTAL EXEMPTION ANALYSIS)

**Exemption Totals by Category:**

(Values and liens of surrendered property are NOT included in this section)                    Scheme Selected: **State**

| No. | Category | Gross Property Value | Total Encumbrances | Total Equity | Total Amount Exempt | Total Amount Non-Exempt |
|-----|----------|---------------------:|-------------------:|-------------:|--------------------:|------------------------:|
| N/A | Real Property. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1. | Cash on hand. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2. | Checking, savings or other financial accounts, CD's or shares in banks... | $120.00 | $0.00 | $120.00 | $120.00 | $0.00 |
| 3. | Security deposits with public utilities, telephone companies, landlords, others. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 4. | Household goods and furnishings, including audio, video... | $1,155.00 | $0.00 | $1,155.00 | $1,155.00 | $0.00 |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, records.... | $25.00 | $0.00 | $25.00 | $25.00 | $0.00 |
| 6. | Wearing apparel. | $115.00 | $0.00 | $115.00 | $115.00 | $0.00 |
| 7. | Furs and jewelry. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 8. | Firearms and sports, photographic and other hobby equipment. | $245.00 | $0.00 | $245.00 | $245.00 | $0.00 |
| 9. | Interests in insurance policies. | $500.00 | $0.00 | $500.00 | $500.00 | $0.00 |
| 10. | Annuities. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11. | Education IRAs. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12. | Interests in IRA, ERISA, Keogh... | $2,017.00 | $0.00 | $2,017.00 | $2,017.00 | $0.00 |
| 13. | Stock and interests in incorporated... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 14. | Interests in partnerships.... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 15. | Government and corporate bonds... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 16. | Accounts receivable. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 17. | Alimony, maintenance, support, and property settlement to which the..... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 18. | Other liquidated debts owed debtor... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 19. | Equitable or future interests, life estates, and rights or powers..... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 20. | Contingent and noncontingent interests in estate of decedent, death benefit.... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 21. | Other contingent and unliquidated claims of every nature..... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

*Copyright 1996-2012, LegalPRO Systems, Inc., San Antonio, Texas  (210) 561-5300 -- All rights reserved.*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

IN RE:  **Alex R. Bernico**                                         CASE NO

                                                                   CHAPTER   **7**

## SCHEDULE C-1 (SUPPLEMENTAL EXEMPTION ANALYSIS)

*Continuation Sheet # 1*

**Exemption Totals by Category:**

(Values and liens of surrendered property are NOT included in this section)                    Scheme Selected: **State**

| No. | Category | Gross Property Value | Total Encumbrances | Total Equity | Total Amount Exempt | Total Amount Non-Exempt |
|-----|----------|---------------------:|-------------------:|-------------:|--------------------:|------------------------:|
| 22. | Patents, copyrights, and other intellectual property. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 23. | Licenses, franchises, and other.... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 24. | Customer Lists. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 25. | Automobiles, trucks, trailers, vehicles... | $4,150.00 | $7,529.00 | $0.00 | $0.00 | $0.00 |
| 26. | Boats, motors and accessories. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 27. | Aircraft and accessories. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 28. | Office equipment, furnishings... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 29. | Machinery, fixtures used in business. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 30. | Inventory. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 31. | Animals. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 32. | Crops - growing or harvested. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 33. | Farming equipment and implements. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 34. | Farm supplies, chemicals, and feed. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 35. | Other personal property of any kind. | $10.00 | $0.00 | $10.00 | $10.00 | $0.00 |
| | **TOTALS:** | **$8,337.00** | **$7,529.00** | **$4,187.00** | **$4,187.00** | **$0.00** |

**Surrendered Property:**

The following property is to be surrendered by the debtor.  Although this property is NOT exempt, it is NOT considered "non-exempt" for purposes
of this analysis.  The below listed items are to be returned to the lienholder.

| Property Description | Market Value | Lien | Equity |
|----------------------|-------------:|-----:|-------:|
| **Real Property** | | | |
| (None) | | | |
| **Personal Property** | | | |
| (None) | | | |
| **TOTALS:** | **$0.00** | **$0.00** | **$0.00** |

**Non-Exempt Property by Item:**

The following property, or a portion thereof, is non-exempt.

| Property Description | Market Value | Lien | Equity | Non-Exempt Amount |
|----------------------|-------------:|-----:|-------:|------------------:|
| **Real Property** | | | | |
| (None) | | | | |

*Copyright 1996-2012, LegalPRO Systems, Inc., San Antonio, Texas  (210) 561-5300 -- All rights reserved.*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

IN RE:  **Alex R. Bernico**                                                    CASE NO

                                                                              CHAPTER    **7**

## SCHEDULE C-1 (SUPPLEMENTAL EXEMPTION ANALYSIS)

*Continuation Sheet # 2*

<u>**Personal Property**</u>

(None)

| | | | | |
|---|---|---|---|---|
| **TOTALS:** | $0.00 | $0.00 | $0.00 | $0.00 |

| Summary | |
|---|---:|
| A. Gross Property Value (not including surrendered property) | $8,337.00 |
| B. Gross Property Value of Surrendered Property | $0.00 |
| C. Total Gross Property Value (A+B) | $8,337.00 |
| D. Gross Amount of Encumbrances (not including surrendered property) | $7,529.00 |
| E. Gross Amount of Encumbrances on Surrendered Property | $0.00 |
| F. Total Gross Encumbrances (D+E) | $7,529.00 |
| G. Total Equity (not including surrendered property)  /  (A-D) | $4,187.00 |
| H. Total Equity in surrendered items  (B-E) | $0.00 |
| I.  Total Equity  (C-F) | $4,187.00 |
| J.  Total Exemptions Claimed | $4,187.00 |
| K.  Total Non-Exempt Property Remaining  (G-J) | $0.00 |

*Copyright 1996-2012, LegalPRO Systems, Inc., San Antonio, Texas  (210) 561-5300 -- All rights reserved.*

*John C. Kunes, Bar No. 6298491*
*The Law Office of John C. Kunes, P.C.*
*3843 North Broadway Street*
*Chicago, IL 60613*
*(773) 701-4050*
*Attorney for the Petitioner*

# UNITED STATES BANKRUPTCY COURT FOR THE

*NORTHERN DISTRICT OF ILLINOIS*
*EASTERN DIVISION (CHICAGO)*

In re:                                          Case No.:
**Alex R. Bernico**                             SSN:   <u>xxx-xx-1250</u>
_____                 SSN:   _____

Debtor(s)                                  **Numbered Listing of Creditors**
Address:
**457 Sullivan Ln**                        Chapter:   **7**
**Braidwood, IL 60408**

| Creditor name and mailing address | Category of claim | Amount of claim |
|---|---|---|
| 1.   Alliance One<br>Receivables Management Inc<br>1160 Centre Point Dr Ste #1<br>Mendota Heights MN 55120 | Unsecured Claim | $0.00 |
| 2.   Asset Acceptance Capital Corp.<br>P.O. Box 2036<br>Warren, MI 48090-2036<br>xxxxxxxxxxxx9204 | Unsecured Claim | $5,950.07 |
| 3.   B R E Properties Inc<br>525 Market St., 4th Floor<br>San Francisco, CA 94105<br>x3988 | Unsecured Claim | $632.08 |
| 4.   Bank Of America<br>Po Box 982238<br>El Paso, TX 79998<br>xxxxxxxxxxxx5690 | Unsecured Claim | $1,138.00 |
| 5.   Capital One, N.a.<br>Capital One Bank (USA) N.A.<br>PO Box 30285<br>Salt Lake City, UT 84130<br>xxxxxxxxxxxx9501 | Unsecured Claim | $1,074.00 |
| 6.   CDA - Creditors' Discount & Audit Compan<br>415 E. Main Street - P.O. Box 213<br>Streator, Illinois 61364<br>xxxxx-xx6856 | Unsecured Claim | $0.00 |

in re:   **Alex R. Bernico**

_____

| | Debtor | Case No. (if known) |
|---|---|---|

| Creditor name and mailing address | Category of claim | Amount of claim |
|---|---|---|
| 7. Cda/pontiac<br>Attn: Bankruptcy<br>PO Box 213<br>Streator, IL 61364<br>xxxxxxxx8898 | Unsecured Claim | $526.00 |
| 8. Chela/Sallie Mae<br>Attn: Claims Department<br>PO Box 9500<br>Wilkes-Barre, PA 18773<br>xxxxxxxxxxxxxxxxxx0718 | Unsecured Claim | $53,953.00 |
| 9. Chela/Sallie Mae<br>Attn: Claims Department<br>PO Box 9500<br>Wilkes-Barre, PA 18773<br>xxxxxxxxxxxxxxxxxx0810 | Unsecured Claim | $4,591.00 |
| 10. Chela/Sallie Mae<br>Attn: Claims Department<br>PO Box 9500<br>Wilkes-Barre, PA 18773<br>xxxxxxxxxxxxxxxxxx0524 | Unsecured Claim | $3,158.00 |
| 11. Comcast Cable<br>11400 Northeast Ave<br>Philadelphia 19116<br>xxxxxxxxxxxx3283 | Unsecured Claim | $83.02 |
| 12. Credit One Bank<br>P.O. Box 98873<br>Las Vegas, NV 89193-8873<br>xxxx-xxxx-xxxx-2450 | Unsecured Claim | $74.75 |
| 13. Credit Union 1<br>200 East Champaign Avenue<br>Rantoul, IL 61866 | Unsecured Claim | $33,109.15 |
| 14. Enhanced Recovery Corporation<br>8014 Bayberry Rd.<br>Jacksonville, FL 32256<br>xxxx0623 | Unsecured Claim | $0.00 |
| 15. Epic/Morris Hospital Emergency Phys<br>150 West High Street<br>Morris, IL  60450<br>xx8898 | Unsecured Claim | $526.00 |

in re:    **Alex R. Bernico**

| | Debtor | Case No. (if known) |
|---|---|---|
| Creditor name and mailing address | Category of claim | Amount of claim |
| 16.  Fair Collections & Out<br>12304 Baltimore Ave Unite E<br>Beltsville, MD 20705<br>xxx4955 | Unsecured Claim | $0.00 |
| 17.  First USA<br>Cardmember Services<br>P.O. Box 15298<br>Wilmington, DE 19850-5298 | Unsecured Claim | $0.00 |
| 18.  GM Financial<br>PO Box 181145<br>Arlington, TX 76096<br>xxxxx7651 | Secured Claim | $7,529.00 |
| 19.  Harvard Vanguard Medical Associates<br>275 Grove Street Suite 3-300<br>Newton MA 02466 | Unsecured Claim | $134.23 |
| 20.  Hsbc Bank<br>ATTN: BANKRUPTCY<br>PO Box 5213<br>Carol Stream, IL 60197<br>xxxxxxxxxxxx1798 | Unsecured Claim | $0.00 |
| 21.  Hsbc Bank<br>ATTN: BANKRUPTCY<br>PO Box 5213<br>Carol Stream, IL 60197<br>xxxxxxxxxxxx7796 | Unsecured Claim | $0.00 |
| 22.  Hscb/nautl<br>Attention: Bankruptcy<br>PO Box 15213<br>Carol Stream, IL 60197<br>xxxxxxxxxxx3809 | Unsecured Claim | $0.00 |
| 23.  ISTA<br>Utilities Division<br>3655 North Point Parkway, Suite 450<br>Alpharetta, GA 30005<br>xxxxxxxx6713 | Unsecured Claim | $200.78 |
| 24.  Jacob Collection Group, LLC<br>2623 West Oxford Loop<br>Oxford MS 38655<br>xxxxxxxxxxxx3809 | Unsecured Claim | $2,077.45 |

in re:  **Alex R. Bernico**

Debtor                                                                Case No. (if known)

| Creditor name and mailing address | Category of claim | Amount of claim |
|---|---|---|
| 25. JPMorgan Chase<br>Bankruptcy Dept<br>P O Box 36520<br>Louisville, KY 40233-6520<br>xxx-xxx944-5 | Unsecured Claim | $397.34 |
| 26. MiraMed Revenue Group, LLC<br>PO Box 536<br>Linden MI 48451-0536<br>xxxxxxxx7910 | Unsecured Claim | $0.00 |
| 27. Morris Hospital & Healthcare Centers<br>150 West High Street<br>Morris, IL 60450<br>xxxxxxxx7910 | Unsecured Claim | $940.44 |
| 28. National Grid<br>PO Box 1005<br>Woburn MA 01807-1005<br>xxxxx-x2046 | Unsecured Claim | $19.06 |
| 29. North Shore Agency, Inc<br>270 Spagnoli Road<br>Melville NY 11747<br>xxxxxxxxxxxxx1766 | Unsecured Claim | $36.92 |
| 30. Northland Group Inc.<br>7831 Glenroy Road, Suite 250<br>Edina, MN 55439 | Unsecured Claim | $0.00 |
| 31. Paul B. Fichter<br>Credit Union One<br>450 E. 22nd St., Ste. 250<br>Lombard, Illinois 60148 | Unsecured Claim | $0.00 |
| 32. PFG of Minnesota<br>7825 Washington Ave S Ste 310<br>Minneapolis MN 55439-2409<br>xxxxx1561 | Unsecured Claim | $0.00 |
| 33. Pinnacle Financial Gro<br>7825 Washington Ave S St<br>Minneapolis, MN 55439<br>xxx1260 | Unsecured Claim | $452.00 |

in re:  **Alex R. Bernico**

| | Debtor | Case No. (if known) |
|---|---|---|
| Creditor name and mailing address | Category of claim | Amount of claim |
| 34.  Professnl Acct Mgmt In<br>PAM PO Box 391<br>Milwaukee, WI 53201<br>xxxx9183 | Unsecured Claim | $73.00 |
| 35.  Puget Sound Energy<br>P.O. Box 97034<br>Bellevue, WA 98009-9734<br>xxxxxx7887 | Unsecured Claim | $93.95 |
| 36.  Reliant Capital Solutions LLC<br>750 Cross Pointe Rd Suite G<br>Gahanna OH 43230-6692<br>xxx7001 | Unsecured Claim | $0.00 |
| 37.  Sears-Citibank<br>Private Label<br>PO Box 6275<br>Sioux Falls,<br>SD 57117-6275 | Unsecured Claim | $2,160.84 |
| 38.  Security Credit Servic<br>PO Box 1156<br>Oxford, MS 38655<br>xxx8359 | Unsecured Claim | $2,373.00 |
| 39.  Sprint<br>KSOPHT0101-Z4300<br>6391 Sprint Parkway<br>Overland Park KS 66251-4300<br>xxxxx0660 | Unsecured Claim | $57.69 |
| 40.  Stellar Recovery<br>1327 Highway 2 W<br>Suite 100<br>Kalispell MT 59901-3413 | Unsecured Claim | $0.00 |
| 41.  Sunrise Credit Services, Inc.<br>260 Airport Plaza<br>Farmingdale, NY 11735 | Unsecured Claim | $0.00 |
| 42.  T-Mobile<br>T-Mobile Bankruptcy Team<br>PO Box 53410<br>Bellevue, WA 98015-3410<br>xxxxx1561 | Unsecured Claim | $451.64 |

in re:  **Alex R. Bernico**

| | Debtor | Case No. (if known) |
| --- | --- | --- |

| Creditor name and mailing address | Category of claim | Amount of claim |
| --- | --- | --- |
| 43.  TCF National Bank<br>800 Burr Ridge Parkway<br>Burr Ridge, IL 60527 | Unsecured Claim | $73.50 |
| 44.  The Law Office of John C. Kunes, P.C.<br>3843 North Broadway Street<br>Chicago, IL 60613 | Unsecured Claim | $600.00 |
| 45.  Transworld Systems Inc<br>999 North Plaza Drive<br>Schaumburg, IL 60173<br>x3988 | Unsecured Claim | $0.00 |
| 46.  University Of Phoenix<br>4615 E Elwood St Fl 3<br>Phoenix, AZ 85040<br>xxxxxx1461 | Unsecured Claim | $179.00 |
| 47.  Unvl/citi<br>Attn.: Centralized  Bankruptcy<br>PO Box 20507<br>Kansas City, MO 64195<br>xxxxxxxx4914 | Unsecured Claim | $7,396.00 |
| 48.  US Dept of Education<br>Attn: Borrowers Service Dept<br>PO Box 5609<br>Greenville, TX 75403<br>xxxxxxxxxx0661 | Unsecured Claim | $34,781.00 |
| 49.  US Dept of Education<br>Attn: Borrowers Service Dept<br>PO Box 5609<br>Greenville, TX 75403<br>xxxxxxxxxx0561 | Unsecured Claim | $20,916.00 |

in re:  **Alex R. Bernico**
_____        _____
                              Debtor                                                    Case No. (if known)

(The penalty for making a false statement or concealing property is a fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. secs. 152 and 3571.)

## DECLARATION

I,  **Alex R. Bernico**_____ ,
named as debtor in this case, declare under penalty of perjury that I have read the foregoing    *Numbered Listing of Creditors,*
consisting of ____7_____ sheets (including this declaration), and that it is true and correct to the best of my information and belief.
the best of my information and belief.


Debtor:  **/s/ Alex R. Bernico**_____        Date: 4/9/2012_____
         **Alex R. Bernico**